ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 26 2006

at 3 o'clock and 35 min P M
SUE BEITIA, CLERK

## United States District Court

for the

### DISTRICT OF HAWAII

U.S.A. vs. ROBERT MCCANDLESS                    Docket No. CR 02-00423DAE-02

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Robert McCandless who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 30th day of October, 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

3. That the defendant shall participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

4. That the defendant is prohibited from possessing any illegal or dangerous weapons.

5. That the defendant is responsible for paying total restitution jointly and severally with codefendant Joey G. Seson to the following establishments: K-Mart, Stadium ($100); K-Mart, Nimitz ($100); Tower Records, Ala Moana ($100); Foodland Supermarket, Pearl City ($100); and Longs Drug Store, Wahiawa ($100). Defendant shall pay any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his/her monthly gross income.

The subject began his initial term of supervised release on 10/30/2003.

On 4/5/2004, the Court revoked supervised release based on a finding that the subject tested positive for amphetamine/methamphetamine on one occasion, refused to comply with drug testing on six occasions, and failed to follow this officer's instructions on four occasions. The Court sentenced the subject to 9 months imprisonment, to be followed by 24 months of supervised release with the following special conditions: 1) That the defendant provide the Probation Office and the Financial




Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 2) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 3) That the defendant shall participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office; 4) That the defendant is prohibited from possessing any illegal or dangerous weapons; 5) That the defendant is responsible for paying total restitution jointly and severally with codefendant Joey G. Seson to the following establishments: K-Mart, Stadium ($100); K-Mart, Nimitz ($100); Tower Records, Ala Moana ($100); Foodland Supermarket, Pearl City ($100); and Longs Drug Store, Wahiawa ($100). Defendant shall pay any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his/her monthly gross income; and 6) That the defendant participate in a residential treatment program at the discretion and direction of the Probation Office.

The subject began his second term of supervised release on 12/29/2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. The subject refused to follow the Probation Officer's 4/24/2006 and 5/10/2006 verbal instructions to report to the Probation Office, in violation of the General Condition.

2. The subject's 5/4/2006 and 5/12/2006 urine specimens tested positive for amphetamine/ methamphetamine, in violation of the General Condition.

3. The subject refused to follow the Probation Officer's verbal instruction to undergo a substance abuse assessment on 5/12/2006 and 5/16/2006, in violation of Standard Condition 3.

4. The subject refused to submit to drug testing on 5/17/2006 and 5/22/2006, in violation of Special Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

                I declare under penalty of perjury that the foregoing is true and correct

                Executed on    5/25/2006

                CARTER A. LEE
                U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 25th day of May, 2006, and ordered filed and made a part of the records in the above case.

                DAVID ALAN EZRA
                U.S. District Judge

Re:   **MCCANDLESS, Robert**
     **Criminal No. CR 02-00423DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As indicated above, on 4/5/2004, the Court revoked the subject's term of supervised release and sentenced him to 9 months of incarceration to be followed by 24 months of supervised release. As a special condition of supervised release, the subject was ordered to participate in a residential substance abuse program. Upon his release from imprisonment on 12/29/2004, the subject was referred to the Salvation Army Adult Rehabilitation Center (SAARC), Honolulu, Hawaii, for inpatient substance abuse treatment and drug testing. On 6/29/2005, the subject successfully completed the 6-month inpatient treatment program at SAARC.

Since his completion of the SAARC program, the subject has incurred the following violations:

### Violation No. 1 – Refusal to Follow the Probation Officer's 4/24/2006 and 5/10/2006 Instructions to Report to the Probation Office:

On 4/24/2006, this officer instructed to subject to report to the U.S. Probation Office to discuss his employment situation and submit a random drug test. The subject acknowledged receiving the instruction and agreed to report on 4/25/2006 at 2:00 p.m. On 4/25/2006, the subject failed to report to the Probation Office. This officer was unable to contact the subject until 5/3/2006. When questioned, the subject stated that he was "busy at work."

On 5/10/2006, this officer instructed to subject to report to the U.S. Probation Office to submit a random drug test. The subject acknowledged receiving the instruction and agreed to report on 5/11/2006 at 11:00 a.m. On 5/11/2006, the subject failed to report to the Probation Office. When questioned on 5/12/2006, the subject stated that he "totally forgot" to report and apologized for his irresponsibility.

### Violation No. 2 – Submission of 5/4/2006 and 5/12/2006 Urine Specimens Which Tested Positive for Amphetamine/Methamphetamine:

On 5/4/2006, the subject submitted a urine specimen at the U.S. Probation Office which tested presumptive positive for amphetamine/methamphetamine. The specimen was forwarded to Scientific Testing Laboratories, Inc. (STL), for confirmation purposes. When confronted about the positive test result, the subject admitted that he had been abusing methamphetamine on a regular basis "over the last month." He expressed remorse for his misconduct and attributed his relapse to family problems involving his father. This officer informed the subject that he was in violation of his supervision and that the Court would be notified of the violation. This officer also

Re:     **MCCANDLESS, Robert**
        **Criminal No. CR 02-00423DAE-02**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 2**

referred the subject to FRS for a substance abuse assessment to determine an appropriate treatment plan. On 5/12/2006, STL confirmed that the 5/4/2006 urine specimen tested positive for amphetamine/methamphetamine.

On 5/4/2006, Certified Substance Abuse Counselor Stephanie Tsai-Burch was contacted to discuss the subject's treatment plan. Ms. Tsai-Burch opined that placement into an inpatient treatment program would be appropriate based upon the frequency and amount of admitted drug use. After the subject's initial intake interview on 5/10/2006, Ms. Tsai-Burch recommended that the subject be placed in an Intensive Outpatient Program at FRS until such time that he could be admitted into the inpatient program at Hina Mauka, Kaneohe, Hawaii.

On 5/12/2006, the subject submitted a urine specimen at the U.S. Probation Office which was presumptive positive for amphetamine/methamphetamine. The specimen was forwarded to STL for confirmation purposes. When confronted about the positive test result, the subject admitted that he had abused methamphetamine on 5/10/2006 with several of his acquaintances. Based on his admissions, the subject was instructed to report for his scheduled assessment at FRS later that night. On 5/23/2006, STL confirmed that the 5/12/2006 urine specimen tested positive for amphetamine/methamphetamine.

### Violation Nos. 3 and 4 – Refusal to Follow the Probation Officer's Verbal Instruction to Undergo a Substance Abuse Assessment on 5/12/2006 and 5/16/2006 and to Comply With Drug Testing on 5/17/2006 and 5/22/2006:

After his urine tested presumptive positive for amphetamine/methamphetamine on 5/12/2006, the subject was instructed to report for his scheduled substance abuse assessment at FRS. The subject subsequently left a message at the U.S. Probation Office indicating that he failed to report for the substance abuse assessment at FRS because his appointment was delayed.

On 5/15/2006, the subject's counselor confirmed that the subject did not report for the scheduled assessment. Ms. Tsai-Burch noted that the appointment would have included treatment by a physician and a determination as to whether the subject would benefit from taking prescribed medication. Ms. Tsai-Burch then scheduled another appointment for 5/16/2006, at 8:30 p.m. This officer left a message on the subject's cellular phone instructing him to report for the 5/16/2006 appointment.

On 5/18/2006, the subject left a voicemail message at the U.S. Probation Office. The subject admitted that he failed to report for the 5/12/2006 and 5/16/2006 substance

Re:   **MCCANDLESS, Robert**
      **Criminal No. CR 02-00423DAE-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

abuse assessments at FRS. He then noted that he was not using drugs and "just hiding out." The subject also expressed his belief that readmission into the SAARC program would "be the best thing for him."

On 5/18/2006 and 5/23/2006, FRS informed this officer that the subject failed to submit to drug testing on 5/17/2006 and 5/22/2006. Since then, the subject has made no attempts to contact this officer to either explain his failure to report for drug testing or to address his substance abuse treatment plan.

Based upon the aforementioned violations, it is respectfully recommended that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. Since being received on his second term of supervised release, the subject has tested positive for illegal drugs on multiple occasions and has not responded to a corresponding escalation in substance abuse treatment. In considering his past revocation of supervision and current relapse, the subject has demonstrated that he will continue to use illicit substances and presents a danger to the community.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/st

Re:  **MCCANDLESS, Robert**
     **Criminal No. CR 02-00423DAE-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant is prohibited from the possession and use of alcohol.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: **ROBERT McCANDLESS**　　　　　　　　　Docket No. CR 02-00423DAE-02
Address: 1730 Moala Place
Wahiawa, Hawaii 96786

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 24 months commencing 12/29/2004.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]　　The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]　　The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)　　The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)　　The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)　　The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*See attached.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Robert McCandless_   12/6/04
ROBERT McCANDLESS, Defendant   Date

_Carter A. Lee_   12/6/04
CARTER A. LEE   Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   McCANDLESS, Robert
      Docket No. CR 02-00423DAE-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

(1) The defendant shall **provide** the Probation Office and the Financial Litigation **Unit** of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

(2) The defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

(3) The defendant shall participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

(4) The defendant is prohibited from possessing any illegal or dangerous weapons.

(5) Total restitution of $500, less any amount previously paid, is owed jointly and severally with codefendant Joey G. Seson to the following establishments: K-Mart, Stadium ($100); K-Mart, Nimitz ($100); Tower Records, Ala Moana ($100); Foodland Supermarket, Pearl City ($100); and Longs Drug Store, Wahiawa ($100). Defendant shall pay any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

(6) Defendant shall participate in a residential treatment program at the discretion and direction of the Probation Office.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Robert McCandless_    12/6/04
ROBERT McCANDLESS, Defendant    Date

_Carter G. L_    12/6/04
CARTER A. LEE    Date
U.S. Probation Officer